IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY D. COLLINS, | : | CIVIL NO. 3:CV-14-1394 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| WARDEN EBBERT, | : | |
| Respondent | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed on July 21, 2014, by petitioner Anthony D. Collins ("Collins"), a federal inmate incarcerated at the United States Penitentiary at Canaan, Waymart, Pennsylvania. Collins is seeking a reduction in his federal sentence of life imprisonment. Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4,[1] and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

I. **Background**

Following a jury trial, Collins was convicted in the United States District Court for the District of Nevada of possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1). U.S. v. Collins, 125 F.3d 859 (9th Cir. 1997). In 1996, he was sentenced to a term

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and the attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See R. GOVERNING § 2254 CASES R.4. These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. See R. GOVERNING § 2254 CASES R.1(b).

of life imprisonment. (Doc. 1, at 1). The conviction was affirmed by the United States Court of Appeals for the Ninth Circuit on September 24, 1997. Collins, 125 F.3d 859. According to the District of Nevada criminal docket sheet, he has filed a number of motions for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), the most recent of which was filed on January 6, 2014, and denied on March 31, 2014. U.S. v. Collins, No. 2:95-cr-00216-LDG-RJJ-1, Docs. 136-138. He has also filed three prior motions to correct, modify, or vacate his sentence pursuant to 28 U.S.C. § 2255. Id. He filed a fourth § 2255 motion on August 7, 2014, a few weeks after he filed the instant petition. Id. at Doc. 139.

## II. Discussion

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255 (h); 28 U.S.C. 2244(3)(A). Collins has failed to seek certification from the appropriate court of appeals to file a subsequent § 2255 petition. 28 U.S.C. § 2255 (h); 28 U.S.C. 2244(3)(A).

Instead, he attempts to utilize § 2241 to obtain the desired relief. Such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d

2

at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings, render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. Rather, only when a federal prisoner is in an unusual position of having no earlier opportunity to challenge his conviction or where he "is being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision" can he avail himself of § 2241. Dorsainvil, 119 F.3d at 251–52. To the extent that Collins attempts to advance an actual innocence claim based on Herrera v. Collins, 506 U.S. 390 (1993), his claim fails as the Supreme Court has not yet resolved the issue of whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence. McQuiggin v. Perkins, — U.S. —, 133 S.Ct. 1924, 1931 (2013) (citing Herrera v. Collins, 506 U.S. 390, 404–05).

The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. If a petitioner improperly challenges a federal conviction or sentence under section 2241, as is the case here, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1154, 1165 (3d Cir. 1971). Consequently, the court will dismiss this § 2241 petition for lack of jurisdiction.

### III.  Conclusion

Based on the foregoing the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed for lack of jurisdiction.

An appropriate order will issue.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

Dated:     August 13,, 2014